23103

The STATE, Respondent v. James F. GOODE, Appellant.

(385 S. E. (2d) 844)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Attys. Gwendolyn L. Fuller* and *Miller W. Shealy, Jr.,* Columbia, and *Sol. Donald V. Myers,* of Lexington, *for respondent.*

Heard Nov. 13, 1989.

Decided Nov. 13, 1989.

HARWELL, Justice:

This is a criminal case involving whether the State can prosecute a defendant in his absence for two crimes when the defendant has only been placed on notice for one of the crimes.

## FACTS

Appellant James F. Goode (Goode), was arrested on May 7, 1987, for breaking into a motor vehicle. Goode was released on a $5000 surety bond, which ordered him to appear in court on June 15, 1987. The bond also informed Goode that he had the right to be present at the trial and that the trial would proceed in his absence.

Goode failed to appear on June 15, 1987, and two bench warrants for his arrest were issued. According to the State, Goode could not be located even after these warrants were issued. On July 20, 1987, Goode was indicted for breaking into a motor vehicle and grand larceny. On December 9, 1987, Goode was tried in his absence after the trial judge, acting as both judge and jury, found that Goode had been advised of his rights and failed to appear at trial. Goode was not represented by counsel. Goode was found guilty of both breaking into a motor vehicle and grand larceny. A sealed sentence was issued by the trial court. The trial judge imposed a ten year sentence for the offense of grand larceny in addition to the five year consecutive sentence for the crime of breaking into a motor vehicle. This appeal follows.

## DISCUSSION

Goode argues that the trial judge erred in permitting the State to prosecute him in his absence for the crime of grand larceny where the record indicated that he had only been placed on notice that he had been charged with breaking into a motor vehicle. Goode submits that notice for the charge of breaking into a motor vehicle does not stand as adequate notice for trial of a separate crime, grand larceny. Goode states that because he had no notice that he would be tried for grand larceny in the same proceeding as for the charge of breaking into a motor vehicle, he was tried *in absentia* for grand larceny without a valid waiver of his constitutional right to be present.

The Sixth Amendment to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusations . . . [and] to be confronted with the witnesses against him." U. S. Const. Amend. VI. These guarantees are applicable to the States under the Fourteenth Amendment. *Pointer v. Texas*, 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. (2d) 923 (1967). They are also specifically mandated by our State constitution. S. C. Const. Art. I, § 14. However, the right to be present at trial can be waived if done knowingly and voluntarily. *U. S. v. Tortora*, 464 F. (2d) 1202 (2nd Cir. 1972), *cert. denied, Santoro v. U. S.*, 409 U. S. 1063, 93 S. Ct. 554, 34 L. Ed. (2d) 516 (1972).

A person "may voluntarily waive their right to be present and may be tried in their absence upon a finding by the court that such person has received notice of his or her right to be present ..." South Carolina Criminal Practice Rule 3.[1] "[A] valid waiver [of an accused's right to be present at his trial] presupposes notice to the accused. Without notice of the charges, the accused cannot be deemed to have made a 'knowing' and 'voluntary' election to be absent." *State v. Green*, 269 S. C. 657, 662, 239 S. E. (2d) 485, 487 (1977). General notice given by courts of general session as to which term an individual will be tried in, is sufficient to enable that individual to effectively waive his right to be present. *Ellis v. State*, 267 S. C. 257, 227 S. E. (2d) 304 (1976).

The State relies on *Ellis* for the proposition that no defendant has the unilateral right to set the time or circumstances under which he will be tried. We concur with this statement and the holding in *Ellis* as well as the proposition that the public interest demands that criminal prosecutions be prosecuted with dispatch. However, the State's reliance on *Ellis* in this case is misplaced as to Goode's absence from his trial as to the charge of grand larceny. In *Ellis*, the appellant knew which term of court he was to be tried in and for what crimes and fled the State deliberately to avoid prosecution as to those charges.

Here however, the State has failed to prove that Goode had any notice, either actual or constructive, as to his indictment for grand larceny or the subsequent trial which commenced several months after Goode was released on the surety bond for breaking into a motor vehicle. Goode cannot be said to have entered a knowing and intelligent waiver of his right to be present at his trial for the charge of grand larceny. The bond form only provided Goode with notice of the charge for breaking into a motor vehicle and that he would be tried in his absence if he failed to appear for his trial on that particular charge. This does not suffice as adequate notice for Goode's trial of a separate crime, grand larceny, where Goode had no warning that he faced prosecution for that offense.

---

[1] This rule has been recodified as Rule 16, SCRCrimP, effective September 1, 1988.

The trial judge erred in finding that Goode had notice as to the grand larceny charge and Goode's conviction as to that charge must be reversed and remanded for a new trial. Goode concedes there was adequate notice as to the charge of breaking into a motor vehicle therefore the conviction on that charge is affirmed.

Affirmed in part; reversed and remanded in part.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.